CHARLES H. CULLEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cullen v. Commissioner
Docket No. 4890-70SC
United States Tax Court
T.C. Memo 1974-143; 1974 Tax Ct. Memo LEXIS 176; 33 T.C.M. (CCH) 644; T.C.M. (RIA) 74143; June 5, 1974, Filed. Charles H. Cullen, pro se. Kenneth G. Gordon, for the respondent. SACKS MEMORANDUM FINDINGS OF FACT AND OPINION SACKS, Commissioner: Respondent determined deficiencies in petitioner's Federal income tax for the taxable years 1965 and 1966 in the respective amounts of $236.86 and $247.90. The sole issue for decision is whether the expense of travel by Charles H. Cullen between his residence and his place of employment is an ordinary and necessary expense of carrying on a trade or business, or is merely the personal expense of commuting between his home and his job. FINDINGS OF FACT Charles H. Cullen, hereinafter referred to *177 as petitioner, was a resident of El Paso, Texas at the time of the filing of his petition herein. His Federal income tax returns for the calendar years 1965 and 1966 were filed with the district director of internal revenue at Austin, Texas. Between THE YEARS 1961 AND 1970 petitioner was employed by Western Electric Corporation at its site within the White Sands Missile Range in New Mexico. During this time, including the years 1965 and 1966, he lived at a distance of some 56 miles in his own privately owned home in El Paso, Texas. Each work day he traveled from El Paso to his job at White Sands and returned home in the evening. During none of this time was he required to stay overnight at White Sands. Western Electric paid petitioner in the taxable years 1965 and 1966 additional compensation, over and above his regular rate of pay, for "disproportionate travel time" spent in reaching the isolated White Sands Missile Range from El Paso and returning home in the evening. This additional compensation was paid for each day petitioner worked, whether or not he drove his own car or traveled with other individuals in a car pool, and it was included by Western Electric on petitioner's *178 W-2 forms as a part of his gross income. During the taxable years 1965 and 1966 petitioner received from Western Electric "disproportionate travel time" compensation in the respective amounts of $1,245 and $1,304.64. On his Federal income tax returns for these years petitioner excluded these amounts from gross income on the ground that such amounts represented the expense to him of travel in the ordinary and necessary conduct of a trade or business within the purview of section 162 of the Code. [1] In his notice of deficiency herein respondent adopted an opposing view - namely, that the amounts controverted were recompense for personal commuting expenses specifically made nondeductible by section 262 of the Code - and adjusted petitioner's income for each of the years accordingly. OPINION Section 162 of the Code does allow as a deduction all of the "ordinary and necessary expenses * * * incurred * * * in carrying on any trade or business." However, although expenses incurred by taxpayers in traveling between their residences and their places of employment ordinarily and necessarily arise *179 only because of the pursuit of a trade or business, the courts, nevertheless, have not chosen to interpret section 162 of the Code as allowing an income tax deduction for these expenses; they have, rather, consistently held that such expenses are personal in nature and therefore nondeductible. ; . In the instant case, petitioner lived in El Paso, was employed at White Sands, and incurred expenses in traveling between the two locations. Ostensibly, such expenses are commuting expenses. (C.A. 10, 1969), , aff'd (C.A. 9, 1971), (C.A. 9, 1968). Petitioner, however, asserts that the sums paid him by Western Electric as "disproportionate travel time" were meant to recompense him for travel expenses incurred while on the job. In effect, he maintains that his work day actually began and ended in El Paso, and that his compensation for "disproportionate travel time" was to recompense him for the job-related *180 expense of transporting himself to and from White Sands after he had reported for work at El Paso. With this analysis of the facts we are unable to agree. From the evidence presented herein we are of the view that Western Electric's policy of compensating employees for "disproportionate travel time" was motivated by a recognition of the hardships imposed upon such employees with respect to housing, educational, recreational and medical facilities by the remoteness of the White Sands site, and by a desire to mitigate such hardships. That it chose to do so by granting an allowance based upon the time spent in getting to and from nearby habitable communities does not mean that it was actually compensating the employee for the specific physical act of transporting himself to and from work. And, although edicts of the company do indicate that ""disproportionate travel time" * * * shall be treated as time worked and compensated accordingly," the employer's method of payment cannot convert the act of what is otherwise commuting into the carrying on of a trade or business for tax purposes. [2] The "disproportionate travel time" payments received by petitioner from Western Electric during *181 the taxable years 1965 and 1966 represent recompense for personal expenses and are taxable to petitioner as compensation. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the respondent. Footnotes
1. All Code references herein are to the Internal Revenue Code of 1954, as amended. ↩
2. See , for a similar holding on similar facts. ↩